## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### LONDON

| | | |
|---|---|---|
| **DIXIE FUEL COMPANY, LLC,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO. 6:08-cv-326** |
| | ) | |
| | ) | |
| **STRAIGHT CREEK, LLC,** | ) | |
| | ) | |
| **Defendant/Third Party Plaintiff** | ) | |
| | ) | |
| | ) | |
| **HARLAN DEVELOPMENT CORP.,** | ) | |
| **Third Party  Defendant** | ) | |

**Serve:**  Registered Agent
J.P. Cline, III
205 North Twentieth Street
Middlesboro, KY 40965

## THIRD PARTY COMPLAINT

Straight Creek, LLC, as Defendant and Third Party Plaintiff in the above-styled matter, by counsel, for its Third Party Complaint against Harlan Development Corp., which is filed within ten (10) days after Third Party Plaintiff served its Answer herein, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Straight Creek, LLC (hereinafter "Third Party Plaintiff" or "Straight Creek") is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 1295 West Garmon Road NW, Atlanta, Georgia 30327.

2.      Harlan Development Corp. (hereinafter "Third Party Defendant" or "Harlan Development") is a corporation organized and existing under the laws of the State of Delaware

with its principal place of business located at 818 N. Eisenhower Drive, Beckley, West Virginia 25801.

3.     Dixie Fuel Company, LLC (hereinafter "Plaintiff" or "Dixie Fuel") is a limited liability company organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business located at 421 U.S. Highway S, P.O. Box 269, Grays Knob, Kentucky 40829.

4.     Third Party Plaintiff, Straight Creek, is a citizen of the State of Georgia where it has been organized  and maintains its principal place of business.

5.     Third Party Defendant, Harlan Development, is a citizen of the State of Delaware where it has been incorporated and is also a citizen of the State of West Virginia, where it has its principal place of business.

6.     Plaintiff, Dixie Fuel is a citizen of the Commonwealth of Kentucky, where it has been organized and where it has its principal place of business.

7.     Jurisdiction is proper with the United States District Court for the reason that Plaintiff and Defendant are citizens of different states and that the matter in controversy exceeds $75,000, exclusive of interest and costs, as specified by 28 U.S.C.§ 1332.

8.     A Notice of Removal in compliance with 28 U.S.C.§ 1441 was filed with this Court on October 10, 2008.

9.     Venue is proper with this Court pursuant to 28 U.S.C. § 1441(a) in that the civil action, initiated with the filing of the Complaint by the Plaintiff, was brought in the Harlan Circuit Court which is within the Southern Division of the United States District Court for the Eastern District of Kentucky.

## <u>GENERAL ALLEGATIONS OF FACT</u>

10.     On or about March 4, 2008, Straight Creek executed and entered into Purchase Order No. 193 ("Coal Purchase Agreement") with Dixie Fuel Company, LLC.

11.     The Coal Purchase Agreement provided that Straight Creek would sell and deliver coal to Plaintiff, Dixie Fuel, at the rate of 15,000 tons per month for varying prices ranging from $39.00 per ton to $49.00 per ton.

12.     On or about April 30, 2008, Straight Creek executed and entered into an Asset Purchase Agreement ("APA") with Harlan Development.

13.     Pursuant to the APA, Harlan Development acquired the assets of Straight Creek, including all of Straight Creek's equipment used in its coal mining operations, licenses and permits.

14.     Purchase price for the transfer and sale of the assets by Straight Creek to Harlan Development was $3,000,000, plus assumption of certain of Straight Creek's liabilities and obligations.

15.     As part of the purchase price and consideration for the sale and transfer of Straight Creek's equipment and assets, Harlan Development assumed all of Straight Creek's liabilities and obligations owed to Plaintiff, Dixie Fuel, under the Coal Purchase Agreement, pursuant to Section 1.3(c) of the Coal Purchase Agreement, including the obligation to deliver coal to Dixie Fuel at the rate of 15,000 tons per month.

16.     In compliance with Section 1.3 of the APA and as part of the closing transaction, Harlan Development executed and entered into an Assignment and Assumption Agreement of Coal Purchase Agreement, dated April 30, 2008 ("Assumption Agreement") wherein Harlan Development agreed, in part, as follows:

"Assignee (Harlan Development) by its acceptance hereof, does hereby assume and agree to perform any and all obligations and duties of Assignor (Straight Creek) under the Coal Purchase Agreement…."

17.     Harlan Development specifically represented to Straight Creek that it would comply fully with its assumed obligations under the Coal Purchase Agreement.

18.     Straight Creek relied upon the representations made by Harlan Development that it would assume Straight Creek's obligations under the Coal Purchase Agreement, which representations were an essential and key element to Straight Creek executing and entering into the Asset Purchase Agreement.

19.     Upon information and belief, some coal was delivered to Plaintiff, Dixie Fuel, by Harlan Development, or one of its subsidiaries and/or affiliates, which delivery of coal was accepted by Plaintiff, Dixie Fuel.

20.     Harlan Development has refused, and continues to refuse, to comply with its obligations under the Coal Purchase Agreement.

21.     Harlan Development has breached the APA and Assumption Agreement and is in default.

22.     On September 18, 2008, Dixie Fuel filed a Complaint against Straight Creek in the Harlan County, Kentucky Circuit Court, Civil Action No. 08-CI-00676 ("State Action"), alleging Straight Creek breached its duties and obligations under the Coal Purchase Agreement, which allegations Straight Creek denies.

23.     In its Complaint, Plaintiff, Dixie Fuel, alleges that it was required to cover at a substantial cost the difference between the contract price, as set forth in the Coal Purchase Agreement, and the cost of cover.

24.     Plaintiff, Dixie Fuel, seeks, as damages, the cost of cover plus recovery of all costs and expenses, including attorney fees, at a minimum of ten percent (10%) of the damage awarded to Dixie Fuel.

25.     Third Party Defendant, Harlan Development, is liable for any damages awarded Dixie Fuel as a result of Harlan Development's breach of the Coal Purchase Agreement, including all costs and expenses awarded Plaintiff Dixie Fuel.

26.     Additionally, Third Party Defendant, Harlan Development, is liable to Third Party Plaintiff, Straight Creek, for its costs and expenses, including attorney fees, incurred in connection with the defense of the Complaint filed herein and asserting the Third Party Complaint against Harlan Development Corp.

## COUNT I

### Indemnification

27.     Third Party Plaintiff hereby incorporates the allegations as set forth in paragraphs 1 through 26 as if fully set out hereat.

28.     If Straight Creek is determined to have any liability or obligation to Dixie Fuel by reason of its Complaint and/or Straight Creek is required to make any payments to Dixie Fuel as the result of any order or judgment of this Court, or any subsequent court of competent jurisdiction, such payment of damages, plus all costs and expenses, are the responsibility and obligation of Third Party Defendant, Harlan Development.

29.     Straight Creek is entitled to full and complete indemnification for any amounts paid to Dixie Fuel pursuant to the claims and cause of action asserted by Dixie Fuel against Straight Creek and/or from any judgment or award of damages in favor of Dixie Fuel against Straight Creek.

30.     Straight Creek is also entitled to full and complete indemnification from Harlan Development of all of its costs and expenses, including reasonable attorney fees, incurred in defending the claims set forth and asserted by Dixie Fuel in its Complaint.

## COUNT II

### Breach of Contract

31.     Third Party Plaintiff hereby incorporates the allegations as set forth in paragraphs 1 through 30 as if fully set out hereat.

32.     Third Party Defendant, Harlan Development, has breached the APA and the Assumption Agreement, and is currently in default, as a result of failing to comply with the terms and provisions of the Coal Purchase Agreement.

33.     As a direct and proximate result of Third Party Defendant, Harlan Development's breach of the APA and the Assumption Agreement, Straight Creek has incurred damages in an amount equal to the amount necessary to fully and completely indemnify Straight Creek for any damages, costs and/or expenses, paid to Plaintiff, Dixie Fuel, as damages for the breach of the Coal Purchase Agreement and Harlan Development's failure to deliver coal under said Coal Purchase Agreement as is its obligation under the APA and Assumption Agreement, plus damages, costs and expenses, including attorney fees, incurred by Straight Creek as a result of Harlan Development's breach of the APA.

## COUNT III

### Fraudulent Misrepresentation

34.     Third Party Plaintiff hereby incorporates the allegations as set forth in paragraphs 1 through 33 as if fully set out hereat.

35.     Straight Creek was induced into entering into the APA by Harlan Development's representation that it would assume all of the obligations set forth in the Coal Purchase

Agreement and would deliver coal to Plaintiff, Dixie Fuel, in compliance with the Coal Purchase Agreement.

36.   The foregoing representation made by Harlan Development to Straight Creek was falsely made.

37.   Harlan Development knew the representation regarding compliance with the Coal Purchase Agreement was falsely made, or should have known that such representation was false and recklessly disregarded the falsity thereof.

38.   The representations made by Harlan Development regarding assumption of the obligations set forth in the Coal Purchase Agreement were intended to induce Straight Creek to rely upon them, and Straight Creek did, in fact, reasonably rely upon such representations in deciding to enter into the APA and the Assumption Agreement.

39.   Harlan Development, knowing the intentional misrepresentations were false, constitutes fraud and fraud in the inducement.

40.   Harlan Development's actions have caused and will continue to cause Straight Creek to suffer actual damages in an amount to be proved at trial, which amount will include any full indemnification of any damages for which Straight Creek may be liable to Plaintiff, Dixie Fuel, including all costs and expenses defending the allegations of Plaintiff Dixie Fuel and in asserting this Third Party Complaint.

41.   Harlan Development's actions and fraudulent misrepresentations were intentional, reckless and willful and entitle Straight Creek to recovery of punitive damages.

## COUNT IV

### Negligent Misrepresentation

42.   Third Party Plaintiff hereby incorporates the allegations as set forth in paragraphs 1 through 41 as if fully set out hereat.

43.     Harlan Development falsely represented to Straight Creek that it would assume the obligations under the Coal Purchase Agreement, thereby inducing Straight Creek to execute and enter into the APA and Assumption Agreement.

44.     Harlan Development knew, or should have known, when the APA and Assumption Agreement were executed, that the representations it made to Straight Creek were misleading and false.

45.     Harlan Development failed to exercise reasonable care or competence in making the representation to Straight Creek.

46.     Straight Creek justifiably and in good faith relied upon Harlan Development's misrepresentation when they executed and entered into the APA and Assumption Agreement. As a direct and proximate result of Harlan Development's misrepresentations, Straight Creek suffered and will continue to suffer damages in an amount to be proved and established at trial.

## COUNT V

### Breach of Duty of Good Faith and Fair Dealing

47.     Third Party Plaintiff hereby incorporates the allegations as set forth in paragraphs 1 through 46 as if fully set out hereat.

48.     Harlan Development has an express and implied duty under the law to act fairly and in good faith with Straight Creek in the negotiations and execution of the APA and Assumption Agreement.

49.     With the actions described above, Harlan Development breached its duty of good faith and fair dealing to Straight Creek.

50.     Harlan Development's breach of its duty of good faith and fair dealing has caused and will continue to cause Straight Creek to suffer damages in an amount to be proved at trial.

51.     Harlan Development's breach of its duty of good faith and fair dealing was intentional and carried out with malice and oppression of such a nature as to entitle Straight Creek to punitive damages.

**WHEREFORE,** Third Party Plaintiff, Straight Creek, demands judgment against Third Party Defendant, Harlan Development, as follows:

A.     If Straight Creek is obligated to make any payments of damages, costs or expenses to or in favor of Plaintiff, that Straight Creek shall be awarded judgment against Harlan Development for full indemnification and reimbursement of all amounts paid or to be paid by Straight Creek to Plaintiff, Dixie Fuel;

B.     For all its cots and expenses incurred in defense of the Complaint filed herein and prosecution of this Third Party Complaint, as authorized by the APA, including reasonable attorney fees against Harlan Development;

C.     Judgment against Harlan Development in favor of Straight Creek for all damages incurred by Straight Creek as a result of Harlan Development's Fraudulent Misrepresentation, including punitive damages;

D.     Judgment against Harlan Development in favor of Straight Creek for all damages incurred by Straight Creek as a result of Harlan Development's Negligent Misrepresentation;

E.     Judgment against Harlan Development in favor of Straight Creek for all damages incurred by Straight Creek as a result of Third Party Defendant's Breach of their Duties of Good Faith and Fair Dealing, including punitive damages;

F.     Judgment against Harlan Development in favor of Straight Creek for all damages incurred by Straight Creek as a result of Third Party Defendant's Breach of the APA;

G.     Pre-judgment and post-judgment interest; and

H.      For any and all other relief, at law or in equity, that this Court deems appropriate.


Respectfully submitted,

/s/  Gillard B. Johnson, III
Gillard B. Johnson, III
D. Eric Lycan
Bowling & Johnson, PLLC
1010 Monarch Street, Suite 250
P.O. Box 910810
Lexington, Kentucky 40591-0810
Telephone: (859) 255-7080
Fax: (859) 255-6903
Email: gjohnson@cbandj.com
        elycan@insightbb.com

## CERTIFICATE OF SERVICE


On October 15, 2008, I electronically filed this document through the ECF system, which will send a notice of electronic filing to:

H. Kent Hendrickson
ricehend@harlanonline.net
hkent@harlanonline.net

J.P. Cline, III
pete@jpclinelaw.com


and I mailed this document and the notice of electronic filing via Certified Mail, Return Receipt Requested, on October 15 2008, to:

J.P. Cline, III
205 North Twentieth Street
Middlesboro, KY 40965
pete@jpclinelaw.com


/s/ Gillard B. Johnson, III
Attorney for Defendant

p:\bowling & johnson\clients\straight creek\litigation\straight creek usdc\notice of removal.doc