UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DIXIE FUEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-326-GFVT |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| STRAIGHT CREEK, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Dixie Fuel's motions. The only remaining claim in this case is a counter-claim based in state law, filed by Harlan against Dixie. [R. 223-1.] It is Dixie's position, however, that the real party to assert that claim is Infinity Energy, rather than Harlan. First, Dixie asks the Court to join and substitute Infinity Energy as the real, necessary and indispensable party in interest pursuant to Rules 17 and 19. [R. 223.] Alternatively, Dixie asks the Court to remand this case to Harlan Circuit Court. [R. 224] Harlan does not oppose Dixie's motion to join Infinity under Rules 17 or 19, in essence conceding that Infinity is an indispensable party, but does oppose remand. [R. 234.]

This action was originally removed to Federal Court on the basis of diversity of citizenship jurisdiction. [R. 1.] Joining Infinity, however, would destroy diversity because both Dixie Fuel and Infinity Energy are Kentucky Corporations. [R. 223-1 at 9; R. 234 at 2.] Both Dixie and Harlan acknowledge that joining Infinity would destroy

complete diversity. [R. 223-1 at 9; R. 234 at 2.] Harlan, nevertheless, argues that the Court has the discretion to retain this case but provides no legal support for this position. [R. 234.]

# I

## A

It is well-established that the federal courts are courts of limited jurisdiction. This court has original "diversity" jurisdiction of all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. §1332(a)(1) (emphasis added). For diversity jurisdiction to attach, "'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'" *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citations omitted). The Supreme Court has recently reflected that "[s]ince *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). In addressing judges' responsibilities, the Sixth Circuit has proclaimed that when parties do not raise the issue, "it is axiomatic that we must raise issues of subject matter jurisdiction sua sponte." *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138 (6th Cir. 1996) (citing *Community First Bank v. Nat'l Credit Union Admin.,* 41 F.3d 1050, 1053 (6th Cir. 1994)). The law is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447. "If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

## B

Dixie's motion to join and substitute Infinity Energy as the real, necessary and indispensable party in interest is made under the authority of Federal Rules of Civil Procedure 17 and 19. Rule 17 establishes that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Subsection (a)(3) provides the mechanism by which a Court may join a real party in interest.

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). If the Court cannot join the real party in interest then the case should be dismissed.

Federal Rule of Civil Procedure 19 provides another framework for deciding when a party must be joined and, when necessary, how to join them. Rule 19(a)(1) addresses the circumstances where a Court must join a required party that "will not deprive the court of subject-matter jurisdiction." Due to the circumstances of this case, the more relevant provision is 19(b) which addresses how to proceed when "Joinder is Not Feasible" because it would destroy subject matter jurisdiction:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; **(2)** the extent to which any prejudice could be lessened or avoided by: **(A)** protective provisions in the judgment; **(B)** shaping the relief; or **(C)** other measures; **(3)** whether a judgment rendered in the person's absence would be adequate; and **(4)** whether

the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

## II

The parties agreement that Infinity is an indispensable party makes resolution of these pending motions simple.  Rule 19(b) provides the Court with two options when a required party cannot be joined:  the existing parties may proceed to trial or the case may be dismissed.

In this case, the Rule 19(b) factors point to dismissal, or remand.  First, Dixie represents that any judgment rendered in favor of Harlan, in the absence of Infinity, could subject them (Dixie) to inconsistent liability.  [R. 223-1; R. 243 at 5.]  This risk is particularly great as the parties have litigation surrounding the same facts, pending in Harlan Circuit Court.  As to the second factor, the Court could place limits on its final judgment to provide deference to the State Court.  *See* R. 243 at 6.  Alternatively, however, the Court could provide greater deference by remanding the case.  Finally, and perhaps of greatest weight, the parties will not be denied an adequate remedy if this case is dismissed.  Dismissing, or remanding, this action does nothing to diminish the parties ability to adjudicate the claims in State Court.

The Rules governing supplemental jurisdiction also point to remand.  This Court originally had jurisdiction on the basis of Diversity of Citizenship [R. 1] but the original claim was resolved when Dixie and Straight Creek entered into an Agreed Judgment.  [R. 197.]  This Court currently maintains supplemental jurisdiction over the case.  However, if the Court were to join Infinity under Rule 19 then the Court would have no option but to dismiss.

> **(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 [Diversity of Citizenship] of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under **Rule** 14, **19**, 20, or 24 of the Federal Rules of Civil Procedure, or **over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules**, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C.A. § 1367 (emphasis added).

Even if the Court chose not to join Infinity, and to deny Rule 19 joinder, District Courts may "decline to exercise supplemental jurisdiction over a claim" after "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). In determining whether to continue to "retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.' " *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). Furthermore, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254–1255 (6th Cir. 1996)).

### III

As this Court has said before, this Court values the "belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). This principle, and many practical considerations justify the Court's decision to remand. While Harlan opposes remand they have provided no reason or legal justification as to why

this Court should retain jurisdiction. [*See* R. 234 at 2.] The only remaining claim is rooted in State Law. An action is already pending in Harlan Circuit Court that includes all the relevant parties: Harlan, Dixie and Infinity Energy. The parties concede Infinity need be joined but this joinder would destroy jurisdiction. There is but one logical conclusion; the proper venue for this action is Harlan Circuit Court.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Join and Substitute a Necessary and Indispensable Real Party in Interest [R. 223] is **DENIED**;

2. The Plaintiff's Motion to Remand to State Court [R. 224] is **GRANTED**;

3. This action is **REMANDED in its entirety** to the Harlan Circuit Court from which it was removed;

4. The Final Pretrial Conference, scheduled for Monday, February 24, 2014, and Trial, scheduled for March 10, 2014, are **CANCELLED**;

5. All pending motions are **DENIED** as **MOOT**; and,

6. This matter is **STRICKEN** from the Court's active docket.

This 20th day of February, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge